[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #108
The present case arises from a revised complaint filed by the plaintiff, David Santoro against the defendant, Syrja T. Topciu. The two count complaint alleges that the plaintiff is a Prospect police officer and was on duty on December 29, 1997. The complaint asserts that the plaintiff was sitting in his patrol car on Route 29 in Prospect Connecticut, preparing a report to complete his investigation of a motor vehicle accident. It is claimed that the plaintiff positioned his police car half in the shoulder and half in the south bound lane to protect the accident scene, and had activated his roof rack and tail strobe lights to alert oncoming traffic.
The complaint alleges that the defendant was operating his vehicle in a south bound direction on Route 69 with an unobstructed view of the accident scene, the defendant continued to drive his car forward until he struck the plaintiff's police car from behind. The first count of the complaint sounds in negligence and the second count alleges statutory negligence pursuant to General Statutes 14-218(a) and 14-222(a).
The defendant filed the present motion to strike the second count of the revised complaint on the ground that it fails to allege facts sufficient to support a claim of recklessness and/or intentional conduct and therefore fails to comply with General Statutes 14-295. The plaintiff filed a timely objection on the ground that an action for statutory reckless misconduct does not require the plaintiff to plead anything more than a violation of certain enumerated statutory provisions under General Statutes 14-295.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim CT Page 9354 upon which relief can be granted." (Internal quotation marks omitted.)Peter Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 839 (1996). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 639 A.2d 293 (1997). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied . . . Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . ." (Citations omitted; internal quotation marks omitted.) Lombard v.Edward J. Peters, Jr., P.C., 252 Conn. 623, 626 ___ A.2d ___ (2000).
The defendant argues that the plaintiff has failed to plead that the alleged statutory violations claimed in the complaint were a "substantial factor" in causing his injury and therefore the second count must be stricken. The defendant argues in its reply memorandum that the plaintiff has failed to specifically plead that the alleged statutory violations were "a substantial factor in causing" the plaintiff's injuries under General Statutes § 14-295. The defendant, therefore, argues that the plaintiff has failed to sufficiently plead a statutory recklessness cause of action and the second count of the revised complaint should be stricken.
There is a split of authority among the superior court as to whether a plaintiff must plead specific facts to support a claim of recklessness pursuant to General Statutes § 12-295.[1] One "line of cases holds that a plaintiff must only allege that the defendant violated one or more of the motor vehicle statutes enumerated in § 14-295 and that this violation was a substantial factor in causing the plaintiff's injuries. See, e.g., St George v. Connecticut Car Rental Co., Superior Court judicial district of Hartford-New Britain at Hartford, Docket No. 554923 (February 27, 1996, Spada, J.) (holding that the plaintiff is only required to allege that the defendant violated one of the statutes enumerated in § 14-295); McGuire v. Fergusen, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 068021 (July 31, 1995, Pickett, J.) (14 Conn.L.Rptr. 624, 625-26) ([T]he plaintiff is only required to plead that the defendant violated one or more of the statutory provisions enumerated in General Statutes § Sec. 14-295 and that this violation was a substantial factor in causing the plaintiff's injuries.')." Belon v. Bira, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 150216 (March 7, 1997,D'Andrea, J.).
In the present case, the second count of the plaintiff's revised CT Page 9355 complaint alleges that the defendant "operated his vehicle at an excessive rate of speed in light of the conditions then and there existing in violation of § 14-218a of the General Statutes; and [h]e operated his vehicle without regard to the width, traffic and use of the road in violation of § 14-222 (a) of the Connecticut General Statutes." Further, the second count alleges that as a "direct and proximate result of the recklessness of the defendant, Syrja T. Topciu, David Santoro suffered and continues to suffer . . . painful, serious and severe injuries."
In the instant matter, the court finds that the plaintiff is only required to allege that as a result of the reckless conduct of the defendant, he violated one of the statutes enumerated in § 14-295. Further, the defendant's argument that the second count is insufficient because it does not use the words "substantial factor" fails because the use of the phrase "direct and proximate result" is another way of pleading "substantial factor."
The allegations sufficiently set forth a cause of action pursuant to General Statutes § 14-295 when construed in a manner most favorable to the plaintiff. Accordingly the defendant's motion to strike the second count of the revised complaint is denied.
So Ordered.
PETER EMMETT WIESE, J.